## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Travel Leaders Leisure Group, LLC

        Plaintiff,

v.

Cruise & Travel Experts, Inc. et al,

        Defendants.

Court File No. 19-cv-2871-SRN/ECW

**RULE 26(f) REPORT**

---

The parties via their counsel participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules on September 22, 2020 and prepared the following report.

The initial pretrial conference in this matter is scheduled for October 1, 2020, before United States Magistrate Judge Elizabeth Cowan Wright, in Chambers, Suite 342, of the Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, Saint Paul, Minnesota 55101.

## DESCRIPTION OF THE CASE

1.    Concise factual summary of plaintiff's claims:

Defendant Tom Baumann, former President of Plaintiff Travel Leaders Leisure Group, LLC d/b/a Cruise Specialists ("Cruise Specialists") emailed Cruise Specialists' confidential information and trade secrets to his personal account before leaving the company and founding a competitor, Defendant Cruise & Travel Experts ("CTE"). Defendants Baumann and CTE then solicited Cruise Specialists' employees, in violation of Baumann's settlement agreement with Cruise Specialists. The Defendants also used Cruise Specialists' confidential information and trade secrets to solicit Cruise Specialists' clients, in violation of Baumann's settlement agreement with Cruise Specialists.

2.    Concise factual summary of defendant's claims/defenses:  Tom Baumann held a senior executive position with Plaintiff Travel Leaders Leisure Group LLC (TLLG) until his employment with them ended in June of 2013. A dispute over the nature of Mr.

Baumann's termination was resolved through a Settlement Agreement between Baumann and TLLG's parent company Travel Leaders Group (TLG), on September 24, 2013. The Agreement contained a broad joint release of all claims, a one-year non-competition clause, and a two-year non-solicitation clause. After the time limit on the noncompete agreement expired, Mr. Baumann started a new travel agency, Cruise and Travel Experts (defendant "CTE"). After the non-solicitation agreement expired, Baumann communicated with and subsequently hired several cruise (travel) agents (the "Individual Employees") who had worked at Cruise Specialists, a subsidiary of TLLG or its parent TLG. Mr. Baumann did not retain any materials containing trade secrets or other confidential information of TLLG after the terms of his Settlement Agreement were implemented. Accordingly, he did not use any such materials to benefit CTE at Plaintiff's expense. Nor did he share any such information with the Individual Employees outside of their employment at Cruise Specialists. Defendants continue to deny that personal jurisdiction is properly established and maintain all other defenses pled in their Answer.

3.      Statement of jurisdiction (including statutory citations):

This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this matter occurred in the District of Minnesota.

4.      Summary of factual stipulations or agreements:

None.

5.      Statement of whether a jury trial has been timely demanded by any party:

Cruise Specialists timely demanded a jury trial when it filed its complaint.

6.      Statement as to whether all process has been served, all pleadings filed and

any plan for any party to amend pleadings or add additional parties to the action:

All process has been served.   Cruise Specialists served Defendants with its Summons and Complaint on November 11, 2019.  (Doc. No. 1)  On December 12, 2019, in lieu of filing an answer, Defendants moved to dismiss for lack of personal jurisdiction. (Doc. No. 24.)  On August 11, 2020, Judge Nelson granted Defendants' motion in part and denied in part. (Doc. No. 48.) On August 28, 2020, Defendants filed their Answer to the Complaint. (Doc. No. 52.)

Neither party currently plans to amend the pleadings or add additional parties to the action.

7.    If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

No applicable insurance. Defendant is self-insured.

## FACT DISCOVERY

The parties recommend that the Court establish the following fact-discovery deadlines and limitations:

1.    The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) by **October 30, 2020**.

2.    The parties must commence fact discovery in time to be completed by **April 16, 2021**. The parties do not believe a date for the substantial production of documents is necessary within the fact-discovery period to facilitate the taking of depositions.

3.    The parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others.

4.    The parties propose that the Court limit each side's use and numbers of discovery procedures as follows:

    a.    No more than total of **twenty-five (25)** interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

    b.    No more than a total of **twenty-five (25)** document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

    c.    No more than a total of **twenty-five (25)** requests for admission shall be served by each side.

    d.    No more than **ten (10)** depositions, excluding expert witness depositions, shall be taken by each party.

    e.    The parties have discussed the taking of depositions pursuant to Rule 30(b)(6) and present the following agreement: **each party may take one (1) Rule 30(b)(6) deposition**. The parties recognize and agree that each party may designate more than one individual as the party's corporate witness.

      f.      No Rule 35 medical examinations are necessary.

      g.      Other: **The parties reserve the right to seek Court intervention if discovery becomes too burdensome or unreasonable**.

## EXPERT DISCOVERY

1.      The parties anticipate that they **will** require expert witnesses at the time of trial.

      a.      The plaintiff anticipates calling up to **2** experts.

      b.      The defendants anticipate calling up to **2** experts.

2.      Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

      a.      Identities and Disclosures by the party bearing the burden of proof on or before **May 1, 2021**.

      b.      Identities and Disclosures in rebuttal on or before **June 1, 2021**.

3.      Expert discovery, including depositions, shall be completed by **July 1, 2021**.

## OTHER DISCOVERY ISSUES

1.      Protective Order

The parties have discussed whether they believe that a protective order is necessary to govern discovery and will jointly submit a **proposed protective order** to the Court for approval.

(The parties are encouraged, though not required, to use protective order template available on the District's website as a template for a proposed protective order.)

2.      Discovery of Electronically Stored Information

The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which

electronic discovery should be produced. **The parties have agreed to the ESI Protocol attached as Exhibit A.**

3.    Claims of Privilege or Protection

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D). This discussion included whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties:

a.    Request the Court to include the following agreements in the Scheduling Order:

i.    The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material.

ii.    The parties are not obligated to include on their privilege logs documents, communications, or other materials that came into existence on or after the date that Cruise Specialists' Complaint was served in this action.

iii.    Privilege logs must be provided by the producing party within **twenty-one (21)** days of the production from which documents were withheld.

## PROPOSED MOTION SCHEDULE

The parties propose the following deadlines for filing motions:

1.    Motions seeking to join other parties must be filed and served by **November 1, 2020**.

2.    Motions seeking to amend the pleadings must be filed and served by **November 1, 2020**.

3.    Non-dispositive motions:

a.    All non-dispositive motions and supporting documents, including those that relate to fact discovery, must be filed and served by **May 1, 2021**.

b.  All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **July 14, 2021**.

The parties must meet and confer to resolve all discovery disputes and other non-dispositive issues prior to filing any motions.

4.  The parties do believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned), by **October 1, 2021**.

## TRIAL-READY DATE

1.  The parties agree that the case will be ready for trial on or after **January 1, 2022.**

2.  The anticipated length of the **jury** trial is **five (5) days**.

3.  The parties propose that the final pretrial conference be held on or before **December 1, 2021**.

## SETTLEMENT

The parties discussed settlement at the Rule 26(f) meet-and-confer and each party has contemporaneously e-mailed a confidential letter setting forth what settlement discussions have taken place and whether the party believes an early settlement conference would be productive, as provided in Magistrate Judge Menendez's Notice of Pretrial Conference.

## TRIAL BY MAGISTRATE JUDGE

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

Dated:  September 24, 2020

**TAFT STETTINIUS & HOLLISTER LLP**

By: */s/ Danielle W. Fitzsimmons*

    Gregory J. Stenmoe (#131155)
    Danielle W. Fitzsimmons (#391130)
    Samuel N. Louwagie (#0400885)
2200 IDS Center
80 South 8th Street
Minneapolis, MN  55402-2157
Telephone: (612) 977-8400
Fax:       (612) 977-8650
Email:    gstenmoe@taftlaw.com
         dfitzsimmons@taftlaw.com
         slouwagie@taftlaw.com

**ATTORNEYS FOR PLAINTIFF TRAVEL LEADERS LEISURE GROUP, LLC**

Dated:  September 24, 2020

**NILAN JOHNSON LEWIS P.A.**

By: */s/ Joel O'Malley*

    Joel O'Malley (#0352573)
    Katie M. Connolly (#0338357)
    Andrew Peterson (#0399979)
250 Marquette Avenue South, Suite 800
Minneapolis, MN  55401
Telephone:  (612) 305-7500
FAX – 612-305-7501
Email:    jomalley@nilanjohnson.com
        kconnolly@nilanjohnson.com
        apeterson@nilanjohnson.com

Richard E. Spoonemore (admitted *pro hac vice*)
Daniel Gross (admitted *pro hac vice*)
SIRIANNI YOUTZ SPOONEMORE
HAMBURGER PLLC
3101 Western Avenue, Suite 350
Seattle, WA 98121
Phone: (206) 223-0303
rspoonemore@sylaw.com
Daniel@sylaw.com

**ATTORNEYS FOR DEFENDANTS**